On Application for Rehearing
En Banc.
PER CURIAM.
In their application for a rehearing, the defendants present an argument (designated as Error #6 in the Application) which was not answered in our original opinion.
We construed the two letter agreements and the operating agreement as requiring that the percentages of participation in production be frozen unless there was a complete, as distinguished from a partial, failure of title of the leases of one of the parties. The defendants now argue that under this construction of the agreements they are entitled to all of the production from the NEJ4 of NEJ4 of said Section 26, (the #2 Well) because the title to plaintiffs’ leases has failed completely as to this 40 acres.
Our answer to this argument is that although there is a separate letter agreement for each of the two wells, there is only one operating agreement, and it covers the entire 80 acres on which the two wells were drilled. Hence, the respective percentages of production are frozen unless there is a complete failure of title of plaintiffs’ leases as to the entire 80 acres described in the operating agreement.
Of course, the facts show that the title to plaintiffs’ leases in the 80 acres in question did not fail completely. Plaintiffs’ title is good as to a portion of the NW|4 of the NE54 of said Section 26, on which the first well was drilled. The percentages of participation in production are therefore fixed at those specified in the operating agreement for the entire 80 acres.
With this supplement to our original opinion, the application of the defendants appellants for a rehearing is denied on this the 19th day of June, 1968.